IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor, United States Department of Labor,<br><br>   Plaintiff,<br><br>   vs.<br><br>Staples Contract and Commercial Inc. and Staples Inc.,<br><br>   Defendants. | Civil Action No. 3:13-CV-1775-JFA-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion to dismiss for failure to state a claim filed by Defendants Staples Contract and Commercial Inc. and Staples Inc. ("Defendants"). [Doc. 29.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the District Court.

The Secretary of Labor for the United States Department of Labor ("DOL" or "Plaintiff") filed a complaint on June 28, 2013 on behalf of Jeffrey Angstadt ("Angstadt") against Defendant Staples Contract and Commercial, Inc. ("SCC"). [Doc. 1.] On September 19, 2013, Plaintiff amended the complaint to add Staples Inc. ("Staples") as a Defendant.[1] [Doc. 12.] On October 15, 2013, Defendants filed a motion to dismiss in lieu of an answer. [Doc. 29.] Plaintiff filed a response in opposition on November 1, 2013.

---

[1] At the time Plaintiff filed its Amended Complaint, a motion to dismiss filed by SCC was pending. [Doc. 6.] Because the original Complaint was superseded by Plaintiff's Amended Complaint, the Court found as moot the initial motion to dismiss. [Docs. 15, 28.]

[Doc. 30.] Defendants filed a reply on November 18, 2013. [Doc. 34.] The matter is ripe for consideration.

## BACKGROUND

Plaintiff brings this action pursuant to Section 107(b)(2) of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 ("FMLA" or "the Act") alleging Defendants violated its provisions by failing to notify Angstadt of his eligibility status and rights and responsibilities under the FMLA in response to his requests for leave to care for his wife. [Doc. 1 ¶¶ 23–24.] Plaintiff seeks unpaid wages, salary, bonuses, employment benefits, and other compensation due, and actual monetary losses sustained as a direct result of the violations, plus liquidated damages and interest due to Angstadt; injunctive relief; and equitable relief, including employment, reinstatement, and promotion, or front pay in lieu of this relief. [*Id*. at 7–8.]

Plaintiff alleges that SCC is a wholly owned subsidiary of Defendant Staples [*id*.¶ 5]; that they have common management, interrelated operations that promote the Staples office products business, centralized human resources and control of labor relations, and have common ownership and financial control [*id*. ¶ 6]; and thus, Defendants are an integrated employer as the term is defined in 29 C.F.R. § 825.104(c)(2) [*id*. ¶ 7]. Further, Plaintiff alleges that Defendants are joint employers as the term is defined in 29 C.F.R. § 825.104(c)(1) due to Staples' ownership and control of SCC [*id*. ¶ 8] and that Defendants collectively employ approximately 350 employees at its place of business at 300 Arbor Lake Drive, Columbia, South Carolina 29223 (the "Columbia Office") [*id*. ¶ 9].

With respect to allegations specific to Angstadt, Plaintiff alleges Angstadt was employed by Defendants from July 2008 until his termination on January 20, 2012. [*Id*. ¶ 11.] Angstadt was previously employed as a Marketing Manager in Miami, Florida, and was later transferred to Defendants' Columbia Office in March 2009. [*Id*. ¶ 12.] After his transfer, Angstadt was a Furniture Specialist until Defendants eliminated the Furniture Specialist position in March 2011, at which time Angstadt applied for and obtained a position as a Furniture Sales Executive on March 14, 2011. [*Id*. ¶ 13.]

On or about September 13, 2010, Angstadt's wife was diagnosed with breast cancer; the same day, Angstadt notified his supervisor of his wife's diagnosis and admission to the hospital for treatment. [*Id*. ¶ 16.] From September 13, 2010 until his termination, Angstadt notified his supervisors of his need to take full and partial days of leave from work to be present with his wife during her medical appointments and hospital stays for chemotherapy and surgeries due to her treatment for cancer and complications arising therefrom, such as congestive heart failure. [*Id*. ¶ 17.] Angstadt was allowed to take full and partial days of "Sick/Family Care" and "Vacation" leave. [*Id*.]

Plaintiff alleges that Angstadt's wife's cancer and congestive heart failure qualify as serious health conditions under the Act [*id.* ¶ 18]; that Defendants employed at least 50 employees within a 75 mile radius of Angstadt's work site at the Columbia Office [*id.* ¶ 19]; and that, during all relevant times, Angstadt was an eligible employee, employed by Defendants, a covered employer as defined in the Act [*id.* ¶ 20]. Plaintiff further alleges that Angstadt was entitled to leave under the Act to care for his wife due to her serious

3

health conditions [*id.* ¶ 21] and that Defendants were aware of his need for leave that qualified as leave under the FMLA [*id.* ¶ 22], but Defendants failed to notify Angstadt of his eligibility status or provide him notice of his rights and responsibilities under the FMLA in response to his requests for leave [*id.* ¶¶ 23–24].

On or about September 14, 2011, Angstadt's supervisor, Mr. Rohner, placed Angstadt on a Performance Improvement Plan ("PIP"), citing concerns regarding his achieving his minimum monthly sales goals and the timeliness of his responses to internal and external customers. [*Id.* ¶ 26.] Angstadt was terminated on January 20, 2012, allegedly based on the determination that he had not consistently met the expectations outlined in the PIP. [*Id.* ¶ 28.] According to Defendants' policy and/or practice, however, job performance expectations may be modified for an employee requesting leave for FMLA purposes and any PIP would be placed on hold for an employee taking leave for FMLA purposes. [*Id.* ¶ 29.] As a result of Defendants' failure to provide notice to Angstadt of his rights under the FMLA, Angstadt was unlawfully placed on a PIP and terminated. [*Id.* ¶ 31.] At the time of his termination, Angstadt had been employed full-time with Defendants for at least 12 months, had performed at least 1250 hours of service with Defendants during the previous 12-month period, and was entitled to leave under the Act. [*Id.* ¶ 32.]

## APPLICABLE LAW

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can

prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants

5

compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment: the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendants argue Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to allege facts sufficient to meet the federal pleading standard regarding Staples and SCC as an integrated employer or joint employer. [Doc. 29 at 3–4.] Defendants also argue that Angstadt is not an eligible employee under the FMLA because Defendants are not an integrated employer nor are they a joint employer,

and they collectively employee fewer than 50 employees within 75 miles of the Columbia Office. [*Id.* at 4–11.] Plaintiff contends he has provided facts stating a claim for relief that is plausible on its face. [Doc. 30 at 9–11.] Further, Plaintiff contends that Defendants' motion is factually flawed, that there are contradictions in Defendants' supporting affidavits, and that the Court should decline to convert the motion into a motion for summary judgment because Plaintiff is entitled to an opportunity to conduct discovery and present all material made pertinent by Defendants' motion. [*Id.* at 11–17.]

### *Failure to Meet the Pleading Standard*

The FMLA provides eligible employees of a covered employer the right to take unpaid leave for a period of up to twelve work weeks in a twelve-month period to, among other things, care for a spouse who has a serious health condition. 29 U.S.C. § 2612(a)(1). An eligible employee is someone who has been employed by an employer at least twelve months and has worked at least 1,250 hours in the previous twelve months, but excludes an employee who is employed at a worksite where the employer employs fewer than 50 employees at the worksite or within 75 miles of the worksite.[2] *Id.* § 2611(2). In some circumstances, separate entities may be deemed to be parts of a single employer for purposes of the FMLA. 29 C.F.R. § 825.104(c)(2). The following factors are used in determining whether to treat separate entities as an integrated employer: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control. *Id.* Moreover, in some

---

[2]The 75-mile requirement is measured by surface miles, using surface transportation over public streets, roads, highways, and waterways. 29 C.F.R. § 825.111(b). The "50 employees within 75 miles" requirement is determined as of the time the employee gives notice of the need for FMLA leave. *Id.* § 825.110(e).

9

circumstances, two or more businesses may be considered joint employers for purposes of the FMLA. *Id.* § 825.106(a). More specifically,

> Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
>
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
>
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

*Id.*

Here, Defendants argue Plaintiff has failed to meet the pleading standard regarding whether Staples and SCC are an integrated employer or joint employer for purposes of the FMLA. In the Amended Complaint, Plaintiff alleges that Staples and SCC are each covered employers under the FMLA. [Doc. 12 ¶ 10.] Plaintiff alleges that Staples and SCC collectively employed approximately 350 employees at its Columbia Office and that they are an integrated employer as defined in the Act and a joint employer as defined in the Act. [*Id.* ¶¶ 7–9.] Based on the allegations of the Amended Complaint, the Court finds that there are sufficient factual allegations to plausibly allege that Staples and SCC are an integrated employer and/or joint employer under the FMLA.

### *Integrated Employer and/or Joint Employer*

As stated above, Defendants argue that they, collectively, employee fewer than 50 employees within 75 miles of the Columbia Office and that they are neither an integrated nor joint employer under the Act. To substantiate these claims, Defendants rely on affidavits, requiring the Court to treat Defendants' motion as a motion for summary judgment with respect to these arguments.

Defendants argue that Staples and SCC are not integrated employers and have provided declarations to show they have no common management; no interrelation in operations; separate and decentralized human resources and labor relations functions, including decisions related to hiring, discipline, firing and working conditions of their respective employees; and separate financial control, including separate by-laws, corporate records, funds and assets. [Doc. 29-2 ¶¶ 5-15; Doc. 29-3 ¶ 3; Doc. 29-4 ¶¶ 4-6, 15-17.] Defendants further contend they are not a joint employer because Staples did not have the power to hire and fire SCC employees; to supervise and control their work schedules or conditions of employment; to determine the rate and method of payment; or to maintain employment record. [*See* Doc. 29-4 ¶¶ 5, 12–16.]

In response, Plaintiff has provided a declaration from Angstadt, averring that during his time at the Columbia Office, the building housed approximately 350 Staples employees. [Doc. 30-1 ¶ 11.] According to Angstadt, the Columbia Office was also known as the "Shared Services Center" and, prior to his coming to the Columbia Office, Staples relocated its financial support functions from other states to the "Shared Services Center." [*Id.* ¶ 6.] In support of his contention that Defendants are an integrated and/or joint employer, Plaintiff relies on the following allegations:

- \*   Human resources and employment-related documents that applied to Angstadt's employment at Staples referenced either "Staples, Inc." or "Staples" rather than SCC;

- \*   Angstadt was enrolled in Staples, Inc. Employees' 401(k) Savings Plan;

- \*   Angstadt received "Staples" paycheck stubs;

- \*   Angstadt had a "Staples, Inc." Corporate Travel Card, corporate travel credit card and credit card statements;

- \*   Angstadt received "Staples" corporate mobile phone statements;

- \*   Angstadt was party to a Proprietary and Confidential Information Agreement between him and "Staples, Inc." dated March 7, 2011; and

- \*   Angstadt was party to two Non-Compete and Non-Solicitation Agreements between him and "Staples, Inc."

[*Id.* ¶ 13.] Further, the PIP and termination letter received by Angstadt are both on Staples forms or letterhead. [*Id.* ¶ 15.] Additionally, as Plaintiff points out, Defendants present conflicting information in the declarations supporting their motion for summary judgment (*i.e.*, Defendants aver that SCC has three work sites within a 75 mile radius of Angstadt's worksite–100 Main Street Columbia, SC; 220 Stoneridge Drive, Suite 105, Columbia, SC; and 1114B 1st St. South Extension, Columbia, SC, "where Angstadt was employed"[3] [Doc. 29-1 ¶ 4], but also aver that Angstadt worked at SCC's office at 300 Arbor Lake Drive, Columbia, SC [Doc. 29-4 ¶ 10]). According to Angstadt, he was never aware of a Staples location at 100 Main Street or 220 Stoneridge Drive, and it does not appear that any Staples entity is currently located at these addresses, nor were they located at these addresses during the times relevant to the Amended Complaint. [Doc. 30-1 ¶ 19.]

---

[3]In their Reply, Defendants concede that this statement in Ms. Nock's declaration was a scrivener's error. [Doc. 34 at 5.]

Upon consideration of the competing declarations provided by the parties, the Court is unable to find that Defendants have met their burden of demonstrating that there is no genuine issue of material fact with respect to whether Defendants are an integrated and/or joint employer under the FMLA. Accordingly, the Court recommends that Defendants' motion for summary judgment be denied at this time. However, because the issue of whether Defendants are an integrated employer and/or joint employer under the Act may be dispositive of Plaintiff's claims, the Court recommends that the parties be allowed to conduct discovery limited to this issue and that Defendants be granted leave to refile their motion for summary judgment on this limited issue.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendants' motion be DENIED. If this Report and Recommendation is adopted, the Court further recommends that the parties be allowed to conduct discovery limited to the issue of whether Defendants are an integrated and/or joint employer under the FMLA and whether Defendants employed more than 50 employees within a 75-mile radius of Angstadt's worksite. Finally, the Court recommends that Defendants be granted leave to refile their motion for summary judgment on this issue at the conclusion of the limited discovery period.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

August 7, 2014
Greenville, South Carolina