UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>STAPLES, INC. and STAPLES CONTRACT AND COMMERCIAL, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.:<br>) 3:13-CV-1775JFA-JDA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CONSENT DECREE**

This matter arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* ("the Act"), and its implementing regulations. Plaintiff's Amended Complaint alleges that Defendants violated Section 105 of the Act, 29 U.S.C. § 2615. Defendants moved to dismiss the Amended Complaint. Defendants, which expressly deny the allegations herein, and Plaintiff (collectively, "the Parties") have consented to the entry of this Decree to resolve all claims asserted in this action without further litigation.

For purposes of this Consent Decree, Defendants admit that the Court has jurisdiction over Defendants and the subject matter of this action. This Agreement does not constitute an admission by Staples, Inc., Staples Contract & Commercial, Inc., or any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Staples, Inc., of any of the matters alleged in the Lawsuit, including but not limited to any allegations of alleged violations of the Family and Medical Leave Act or

any allegations of joint and/or integrated employment, or of any violation by any of them of any federal, state or local law, ordinance or regulation, any violation of any policy or procedure, or any liability or wrongdoing whatsoever.

It is, therefore ORDERED, ADJUDGED and DECREED that:

(a) Plaintiff shall recover from Defendants the total gross amount of $275,000, which shall consist of back pay, lost benefits, and front pay for Jeffrey Angstadt in the total amount of $137,500.00, less all lawful withholdings, for which an IRS Form W-2 shall issue to Jeffrey Angstadt, plus liquidated damages in the additional amount of $137,500.00, for which an IRS form 1099 shall issue to Jeffrey Angstadt. Defendants shall deliver to Jeffrey Angstadt one or more cashier's checks payable to "Jeffrey Angstadt" at 230 Charlwood Road, Irmo, South Carolina 29063. Defendants shall deliver the payment within twenty (20) business days of the date of this Order. In the event of default by the Defendants for all or part of the payment described above, post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

(b) Defendants agree to promote compliance with the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq., hereinafter referred to as the Act, and its implementing regulations at 29 C.F.R. Part 825 by providing, by the end of calendar year 2015, training for its Human Resources and other managerial personnel with respect to FMLA notice and eligibility requirements.

(c) For a period of three years from the date of the entry of this Consent Decree,

if defendants' respective Human Resource Departments or Ethics and Compliance Group become aware, either from the Department, through the Ethics Point hotline or another internal complaint procedure of a potential violation of the Act regarding provision of notice of an employee's eligibility to take FMLA, defendants will investigate the potential violation within ten (10) business days, absent extenuating circumstances. If defendant's investigation discloses that a violation has occurred, they will correct and remedy the violation to the extent practicable within five (5) business days, absent extenuating circumstances. Defendants do not waive any defenses to any future potential claim of violation.

(d) Defendants will post U.S. Department of Labor FMLA enforcement posters (which are available free at http://www.dol.gov/whd/regs/compliance/posters/fmlaen.pdf), or their substantial equivalent, at conspicuous places to be seen by Defendants' employees.

(e) If one or more of the defendants acquires any business subsequent to the entry of this Consent Decree, then defendant shall have one year from the date of acquisition to bring the acquired business into compliance with this Consent Decree; the Consent Decree shall not apply to the acquired business until the expiration of the one-year period.

(f) The court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Consent Decree.

(g) Each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED this __27__ day of __May__, 2015.

s/ Joseph F. Anderson, Jr.
_____
UNITED STATES DISTRICT JUDGE

[signatures on following pages]

4

**PLAINTIFF MOVES FOR ENTRY OF THE FOREGOING DECREE:**

WILLIAM N. NETTLES
UNITED STATES ATTORNEY
By: *s/ Beth C. Warren*
JENNIFER ALDRICH (#6035)
BETH C. WARREN (#11360)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, S.C. 29201
Telephone (803) 929-3037
Attorneys for the United States of America

M. PATRICIA SMITH
Solicitor of Labor
STANLEY E. KEEN
Regional Solicitor
ROBERT WALTER
Counsel
By: *s/ Angela F. Donaldson*
ANGELA F. DONALDSON
UCHE EGEMONYE
Senior Trial Attorneys

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
Telephone:
(404) 302-5489
(404) 302-5438 (FAX)
Attorneys for the Secretary of Labor,
United States Department of Labor

Date: May 22, 2015

Consented to by:

_____
JEFFREY ANGSTADT
230 Charlwood Road
Irmo, South Carolina 29063

Date: May 22, 2015

**DEFENDANTS CONSENT TO ENTRY OF THE FOREGOING DECREE:**

By: */s/ D. Michael Henthorne*
D. Michael Henthorne (#6386)
Kiosha Hammond Dickey (#10248)
LITTLER MENDELSON P.C.
1201 Main Street, Suite 1930
Columbia, SC  29201
(803) 231-2500
mhenthorne@littler.com
kdickey@littler.com

Attorneys for Staples, Inc., and Staples Contract & Commercial, Inc.

Date May 22, 2015